UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BUILDING SERVICE 32BJ  HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, BUILDING SERVICES 32BJ THOMAS
SHORTMAN TRAINING, SCHOLARSHIP AND
SAFETY FUND, and SEIU LOCAL 32BJ
CONNECTICUT DISTRICT PENSION FUND

**COMPLAINT**

Plaintiffs,

-against-

CHARTER OAK BUILDING MAINTENANCE,
INC.,

Defendant.
-------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund, Building Service 32BJ Legal Services Fund, Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund and SEIU Local 32BJ Connecticut District Pension Fund (herein collectively referred to as the "Funds"), by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Charter Oak Building Maintenance, Inc. ("Defendant"), respectfully allege as follows:

### NATURE OF ACTION

1.	This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee legal services fund and an employee educational and scholarship fund and pension fund for relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and

reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA. The Complaint further alleges that by failing, refusing or neglecting to electronically pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreement, the trust agreements of the Fund, the rules and regulations of the Fund and/or ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. Section 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3),

and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32 BJ ("Union"), to invest and maintain those monies, and to distribute health benefits, legal services, educational services and scholarships and/or other retirement benefits to those employees eligible to receive them. The Funds all maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.  The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.  Upon information and belief, at all times material hereto Defendant was, and continues to be, a for-profit Connecticut corporation doing business in the State of Connecticut, with an office and principle place of business located 1840 Silas Deane, in the Town of Rocky Hill, County of Hartford, State of Connecticut, and is an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145). Defendant was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.  Upon information and belief, Defendant was, and continues to be, party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*,

Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the bargaining unit set forth in the Agreement with the Union

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT )

8. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 7 of this complaint, as if fully set forth herein.

9. Defendant has failed and refused to pay the full benefit contributions due to the Funds, creating an estimated delinquency in the amount of $15,707.78, due for the time period of October 2017 through the date of this Complaint.

10. To date, the contributions contractually due to the Funds have not been paid by the Defendant, although all contributions have been duly demanded and the Funds have been damaged in the estimated amount of no less than $15,707.78, exclusive of what additional sums may come due as a result of an audit of Defendant's books and records.

11. The failure, refusal or neglect of Defendant to make the required contributions to plaintiffs' Funds constitutes a violation of the Agreement between Defendant and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

12. That portion of Defendant's delinquency which consists of interest and liquidated damages on contributions paid in full, but paid untimely, are in violation of the Agreements and are consequently in violation of Section 301 of the Taft-Hartley Act, 29 U.S.C. 185.

13. Accordingly, Defendant is liable to the Funds for benefit contributions in the amount due, plus contractual interest, liquidated damages, attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CLAIM FOR RELIEF

**(FUNDS' CLAIM FOR BREACH OF ERISA
OBLIGATIONS BY DEFENDANT)**

14. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

16. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds when due.  Such failures to make payments or timely payments and/or submit reports constitute violations of Section 515 of ERISA (29 U.S.C. § 1145).

17. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Fund, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

18. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages equal to 20% of the unpaid principal, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**AS AND FOR A THIRD CLAIM FOR RELIEF
(FUNDS' DEMAND FOR AN ORDER DIRECTING**

**DEFENDANTS TO PERMIT AN AUDIT OF
DEFENDANTS BOOKS AND RECORDS)**

19.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20.     Defendant is obligated, pursuant to the terms of the Agreement and ERISA, to permit and cooperate in the conduct of audits of the books and records of Defendant by the Funds.

21.     Accordingly, pursuant to the terms and conditions of the Agreement and ERISA, the Funds demand an order directing Defendant to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendant's books and records.

**WHEREFORE,** plaintiff Funds demand judgment:

a.     against Defendant, for payment of all past due contributions in the amount of $15,707.78 for the period beginning October 2017 to date.

b.     against Defendant for payment of all contributions which become due during the pendency of this action;

c.     against Defendant for accrued prejudgment interest on all contributions in accordance with the collective bargaining agreements and ERISA § 502(g)(2);

d.     against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with the collective bargaining agreements and ERISA § 502(g)(2);

e.     against Defendant ordering it to submit to a payroll audit of its books and records for all periods under which defendant was obligated to contribute to the Funds; and

f.     for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
       March 6, 2018

RAAB, STURM & GANCHROW, LLP


By: s/ Ira A. Sturm
    IRA A. STURM (IS 2042)
    Attorneys for Plaintiffs
    2125 Center Avenue, Suite 100
    Fort Lee, New Jersey 07024
    201-292-0150
    Fax 201-292-0152